UNITED STATES DISTRICT COURT
EASTER DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

MARTIN HERBERT, GERI HERBERT, TEENA HALBIG, DONALD L. ALLEWALT, JR. and LINDA ALLEWALT,

                Plaintiffs,

v.

KENTUCKY STATE BOARD OF ELECTIONS, ALLISON L. GRIMES, in her official capacities as Secretary of State and Chair, Kentucky State Board of Elections, DAVID CROSS, in his official capacity as Board Member, Kentucky State Board of Elections, JOHN W. HAMPTON, in his official capacity as Board Member, Kentucky State Board of Elections, STEPHEN HUFFMAN, in his official capacity as Board Member, Kentucky State Board of Elections, DENISE MAY, in her official capacity as Board Member, Kentucky State Board of Elections, GEORGE RUSSELL, in his official capacity as Board Member, Kentucky State Board of Elections, ROY SIZEMORE, in his official capacity as Board Member, Kentucky State Board of Elections, and MARYELLEN ALLEN, in her official capacity as Executive Director, Kentucky State Board of Elections.

                Defendants.

Case No. _____

**Electronically Filed**

Three Judge Panel Requested
Pursuant to 28 U.S.C. § 2284

## VERIFIED COMPLAINT

### Preliminary Statement

1.     This action is brought pursuant to 42 U.S.C. § 1983 to enforce Plaintiffs' rights secured by the Fourteenth Amendment of the United States Constitution. Plaintiffs assert that Kentucky's current House and Senate legislative district maps — that were enacted in 2002 and

adopted pursuant to K.R.S. §§ 5.010, *et seq.* — are unconstitutionally malapportioned on the basis of population in violation of the Fourteenth Amendment's "one person, one vote" principle. Plaintiffs seek a declaratory judgment that the current House and Senate legislative districts violate the Fourteenth Amendment, and they also seek permanent injunctive relief barring Defendants, in their official capacities, from taking any action pursuant to KRS Chapter 118 or related provisions to certify any candidate as a nominee for office in the General Assembly, or to conduct any election for office in the General Assembly, using the existing House and Senate districts. Plaintiffs further seek fair legislative district maps, drawn or adopted by the Court, that comply with the United States Constitution.

### Jurisdiction and Venue

2. This Court has original jurisdiction over this case under 28 U.S.C. §§ 1331, 1343(a)(3) and (4), which provide for original district court jurisdiction over cases presenting federal questions and seeking to redress the deprivation of federally protected rights, including the right to vote.

3. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all parties reside in Kentucky, the Defendants (in their official capacities) reside in Franklin County, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Eastern District of Kentucky.

5. Plaintiffs request a three-judge panel to adjudicate this action pursuant to 28 U.S.C. § 2284(a).

### The Parties

6. Plaintiff Martin B. Herbert is a Kentucky citizen residing in Boone County, Kentucky. He is a registered Kentucky voter whose residence is located within the 60th District of the Kentucky House of Representatives and the 11th District of the Kentucky Senate. Plaintiff M. Herbert voted in the 2012 primary and general elections, and he will do so again in the 2014 primary and general elections.

7. Plaintiff Geri M. Herbert is a Kentucky citizen residing in Boone County, Kentucky. She is a registered Kentucky voter whose residence is located within the 60th District of the Kentucky House of Representatives and the 11th District of the Kentucky Senate. Plaintiff G. Herbert voted in the 2012 primary and general elections, and she will do so again in the 2014 primary and general elections.

8. Plaintiff Teena Halbig is a Kentucky citizen residing in Jefferson County, Kentucky. She is a registered Kentucky voter whose residence is located within the 29th District of the Kentucky House of Representatives and the 36th District of the Kentucky Senate. Plaintiff Halbig voted in the 2012 primary and general elections, and she will do so again in the 2014 primary and general elections.

9. Plaintiff Donald L. Allewalt, Jr. is a Kentucky citizen residing in Shelby County, Kentucky. He is a registered Kentucky voter whose residence is located within the 58th District of the Kentucky House of Representatives and the 20th District of the Kentucky Senate. Plaintiff D. Allewalt voted in the 2012 primary and general elections, and he will do so again in the 2014 primary and general elections.

10. Plaintiff Linda J. Allewalt is a Kentucky citizen residing in Shelby County, Kentucky. She is a registered Kentucky voter whose residence is located within the 58th District of the Kentucky House of Representatives and the 20th District of the Kentucky Senate. Plaintiff L. Allewalt voted in the 2012 primary and general elections, and she will do so again in the 2014 primary and general elections.

11. Defendant Kentucky State Board of Elections (the "Board") is an independent governmental agency of the Commonwealth of Kentucky responsible for administering the state's election laws. The Board's duties include, *inter alia*, supervising the registration and purgation of voters and certifying the results of elections for office in the Kentucky House of Representatives and Kentucky Senate. K.R.S. § 117.015, *et seq.*

12. Defendant Allison Lundergan Grimes, in her official capacity, is Secretary of State and Chief Election Official for the Commonwealth. In that capacity, Defendant Grimes is

responsible for, *inter alia*, certifying the name, party affiliation, and ballot position of all candidates seeking election to the Kentucky House of Representatives and Senate. K.R.S. §§ 118.215, 118.225. Defendant Grimes' official capacity duties also include serving as Chair of the Kentucky State Board of Elections. In that capacity, Defendant Grimes is a voting member of the State Board of Elections and presides over its meetings. KRS § 117.015(2).

13. Defendant David Cross, in his official capacity, is a voting Board member of the Kentucky State Board of Elections.

14. Defendant John W. Hampton, in his official capacity, is a voting Board member of the Kentucky State Board of Elections.

15. Defendant Stephen Huffman, in his official capacity, is a voting Board member of the Kentucky State Board of Elections.

16. Defendant Denise May, in her official capacity, is a voting Board member of the Kentucky State Board of Elections.

17. Defendant George Russell, in his official capacity, is a voting Board member of the Kentucky State Board of Elections.

18. Defendant Roy Sizemore, in his official capacity, is a voting Board member of the Kentucky State Board of Elections.

19. Defendant Maryellen Allen, in her official capacity, is Executive Director of the Kentucky State Board of Elections. In that capacity, Defendant Allen is the chief administrative officer for the Board responsible for, *inter alia*, overseeing the staff employed by the Board, managing the Board's day to day operations, and ensuring that the Board's directives and legal obligations regarding the administration of elections are carried out. K.R.S. § 117.025.

### Facts

20. At all relevant times, the Defendants acted under color of state law.

21. The Kentucky House of Representatives consists of one hundred members, each elected from one of Kentucky's one hundred House districts. K.R.S. §§ 5.200, *et seq.*

22. The Kentucky Senate consists of thirty-eight members, each elected from one of

Kentucky's thirty-eight Senate districts. K.R.S. §§ 5.100, *et seq.*

23. Following the 2010 Census, the Kentucky General Assembly enacted new legislative districts due to population changes throughout the state. However, both the House and Senate redistricting plans were successfully challenged in Kentucky state court as contrary to the Kentucky Constitution, and that ruling was affirmed by the Kentucky Supreme Court in *Legislative Research Com'n v. Fischer*, 366 S.W.3d 905 (Ky. 2012).

24. Since the *Fischer* decision, the Kentucky General Assembly has failed to enact new legislative districts that are based upon the population data released by the U.S. Census Bureau in 2010.

25. Kentucky's current House and Senate districts therefore remain governed by the legislative districts enacted in 2002 that are based upon the U.S. Census Bureau's 2000 census data. *See* K.R.S. § 5.010(2)(c).

26. Based upon the 2010 Census data, Kentucky has undergone significant population changes since 2000. Specifically, Kentucky's population increased 7.4% during that time — an increase of almost 298,000 more people.

27. Due to this statewide population increase from 2000 to 2010, the "ideal" district population for Kentucky's House of Representatives districts increased to 43,394. And the ideal district population for each Kentucky Senate district increased to 114,194.

28. But because Kentucky's population increases were not uniform throughout its legislative districts, the current House and Senate districts are unlawfully malapportioned in violation of the United States Constitution, in that they fail to conform to the one person, one vote standards set forth under the Fourteenth Amendment's Equal Protection clause.

29. For example, the population deviation between the least and most populous House districts exceeds 74%. And the population deviation between the least and most populous Senate districts exceeds 45%.

30. Of the current legislative districts for Kentucky's House of Representatives, House District 60 has had the largest increase in population since the 2000 Census. As a result,

House District 60 now exceeds the ideal House district size, as determined by the 2010 Census data, by more than 42%.

31. Of the current legislative district for the Kentucky Senate, Senate District 11 has had the largest increase in population since the 2000 Census. As a result, Senate District 11 now exceeds the ideal Senate district size, as determined by the 2010 Census data, by more than 20%.

32. In addition to House District 60 and Senate District 11, other House and Senate districts are also impermissibly overpopulated in violation of the Fourteenth Amendment. House Districts 29 and 58 exceed the ideal district size for House districts by more than 34% and 28%, respectively. Moreover, Senate District 20 exceeds the ideal district size for Senate districts by more than 16%, and Senate District 36 exceeds it by more than 10%.

33. Despite the unlawful disparity amongst the population sizes of Kentucky's legislative districts, Defendants conducted both the 2012 primaries and general elections utilizing these malapportioned districts.

34. Following the 2012 elections, the Kentucky General Assembly convened for its 2013 Regular Session. During that Session, the General Assembly failed to enact new legislative districts based upon the 2010 Census data.

35. Elections for Kentucky House of Representatives and Kentucky Senate are scheduled for November 4, 2014. Primaries to select candidates from the two major political parties are scheduled for May 20, 2014.

36. Plaintiffs all reside in legislative districts for Kentucky's House of Representatives or Senate that are malapportioned on the basis of population. Because the population growth in the districts in which Plaintiffs reside has substantially exceeded the population growth in other Kentucky districts over the last decade, the power of Plaintiffs' votes are unconstitutionally diluted under the existing plans. Plaintiffs are thus impermissibly underrepresented in the Kentucky House of Representatives and/or Kentucky Senate and, as a result, are suffering irreparable injury for which there is no adequate remedy at law.

## CLAIMS FOR RELIEF

### First Cause of Action (All Plaintiffs)
### Fourteenth Amendment

37. Further use by Defendants of the existing state legislative districts for the Kentucky House of Representatives and Kentucky Senate would violate rights guaranteed to Plaintiffs by the Fourteenth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiffs request that this Court:

38. Enter a declaratory judgment finding that further use by Defendants of Kentucky's current House and Senate legislative districts violates Plaintiffs' rights guaranteed by the Fourteenth Amendment;

39. Enter a permanent injunction prohibiting any further use of the existing state legislative districts by Defendants in Kentucky elections;

40. Commence proceedings to adopt and implement new state legislative redistricting plans that comply with the Fourteenth Amendment's "one person, one vote" principle in advance of the 2014 elections and any specially-held elections in 2013;

41. Award plaintiffs their costs, including reasonable attorney fees, pursuant to 42 U.S.C. §§ 1988 and 1973*l*(e); and

42. Grant any additional relief to which Plaintiffs may be entitled.

Respectfully Submitted,

s/ William Sharp
William E. Sharp
ACLU OF KENTUCKY
315 Guthrie Street
Suite 300
Louisville, KY 40202
(502) 581-9746
sharp@aclu-ky.org

Ben Carter
BEN CARTER LAW PLLC
455 South Fourth Street, Suite 902
Louisville, KY 40202
(502) 509-3231
ben@bencarterlaw.com
ACLU of Kentucky Cooperating Attorney

Laughlin McDonald*
ACLU Voting Rights Project
230 Peachtree Street, NW
Suite 1440
Atlanta, GA 30303
(404) 523-2721

*Counsel for Plaintiffs*


* Motion pursuant to LR 83.2 seeking admission *pro hac vice* submitted simultaneously with Complaint

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I make the following declaration under penalties of perjury:

I verify that I have read the complaint in this case and that the facts alleged in it are true, to the best of my knowledge, information and belief.

_____
Martin Herbert

_____
5/10/13
Date

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I make the following declaration under penalties of perjury:

I verify that I have read the complaint in this case and that the facts alleged in it are true, to the best of my knowledge, information and belief.

*Geri Herbert* (signature)
Geri Herbert

5/10/13
Date

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I make the following declaration under penalties of perjury:

I verify that I have read the complaint in this case and that the facts alleged in it are true, to the best of my knowledge, information and belief.

*(signed)* Teena Halbig
Teena Halbig

5-10-13
Date

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I make the following declaration under penalties of perjury:

I verify that I have read the complaint in this case and that the facts alleged in it are true, to the best of my knowledge, information and belief.

*Donald L. Allewalt, Jr.* (signature)
Donald L. Allewalt, Jr.

5-9-13
Date

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I make the following declaration under penalties of perjury:

I verify that I have read the complaint in this case and that the facts alleged in it are true, to the best of my knowledge, information and belief.

_Linda Allewalt_
Linda Allewalt

_5/9/13_
Date