UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION – CIVIL

| | |
|---|---|
| MARTIN HERBERT, et al., ) | |
| ) | |
| ) | |
| Plaintiffs ) | |
| ) | *ELECTRONICALLY FILED* |
| v. ) | |
| ) | |
| KENTUCKY STATE BOARD OF ) | Civil Action No. 3:13-cv-25-GFVT |
| ELECTIONS, et al., ) | |
| ) | |
| ) | |
| Defendants ) | |

Defendants Kentucky State Board of Elections; Alison Lundergan Grimes[1], in her official capacities as Secretary of State and Chair of the Kentucky State Board of Elections; David Cross, in his official capacity as Board Member, Kentucky State Board of Elections; John W. Hampton, in his official capacity as Board Member, Kentucky State Board of Elections; Stephen Huffman, in his official capacity as Board Member, Kentucky State Board of Elections; Denise May, in her official capacity as Board Member, Kentucky State Board of Elections; George Russell, in his official capacity as Board Member, Kentucky State Board of Elections; Roy Sizemore, in his official capacity as Board Member, Kentucky State Board of Elections; and Maryellen Allen, in her official capacity as Executive Director, Kentucky State Board of Elections, by counsel, respectfully submit the following Answer and Affirmative Defenses to Plaintiffs Martin Herbert, Geri Herbert, Teena Halbig, Donald L. Allewalt, Jr., and Linda Allewalt's Complaint in the above-styled action:

---

[1] Defendant Alison Lundergan Grimes' name is misspelled in the Complaint.

## ANSWER

1. Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraph 1 of the Complaint and therefore deny same. To the extent they constitute a summary of the action and legal conclusions, the allegations contained in numerical paragraph 1 of the Complaint require no response.

2. The allegations contained in numerical paragraphs 2-4 of the Complaint constitute legal conclusions to which no response is required. Defendants further state that the statutes identified in numerical paragraphs 2-4 of the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith.

3. The allegations contained in numerical paragraph 5 of the Complaint constitute a prayer for relief to which no response is required. Defendants further state that 28 U.S.C. § 2284(a) constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

4. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraphs 6-10 of the Complaint and therefore deny same.

5. In response to the factual allegations contained in numerical paragraph 11 of the Complaint, Defendants admit that the Kentucky State Board of Elections administers election laws in Kentucky. The remaining allegations contained in numerical paragraph 11 of the Complaint constitute legal conclusions to which no response is required. Defendants further state that KRS § 117.015, *et seq.*, constitute the best evidence of their contents and deny any allegations inconsistent therewith.

6. In response to the factual allegations contained in numerical paragraph 12 of the Complaint, Defendants admit that Defendant Alison Lundergan Grimes currently serves as

Kentucky's Secretary of State and Chief Election Official. The remaining allegations contained in numerical paragraph 12 of the Complaint constitute legal conclusions to which no response is required. Defendants further state that the statutes identified in numerical paragraph 12 of the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith.

7. Defendants admit the allegations contained in numerical paragraphs 13-18 of the Complaint.

8. In response to the factual allegations contained in numerical paragraph 19 of the Complaint, Defendants admit that Defendant Maryellen Allen currently serves as Executive Director of the Kentucky State Board of Elections. The remaining allegations contained in numerical paragraph 19 of the Complaint constitute legal conclusions not requiring a response. Defendants further state that KRS 117.025 constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

9. The allegations contained in numerical paragraph 20 of the Complaint constitute a legal conclusion to which no response is required.

10. The allegations contained in numerical paragraphs 21-22 of the Complaint constitute legal conclusions to which no response is required. Defendants further state that the statutes identified in numerical paragraphs 21-22 of the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith.

11. In response to the factual allegations contained in numerical paragraph 23 of the Complaint, Defendants admit that the Kentucky General Assembly passed HB1 in its 2012 regular session and that on January 20, 2012, Kentucky Governor Steve Beshear signed HB1 into law. Defendants further state that the judicial decisions identified in numerical paragraph 23 of

the Complaint constitute the best evidence of their contents and deny any allegations inconsistent therewith.

12. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraph 24 of the Complaint and therefore deny same. Defendants affirmatively state that the Kentucky House and Senate Districts in effect for the 2012 Primary and General Elections were established in 2002.

13. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraph 25 of the Complaint and therefore deny same. Defendants affirmatively state that the Kentucky House and Senate Districts in effect for the 2012 Primary and General Elections were established in 2002. Defendants further state that KRS 5.010(2)(c) constitutes the best evidence of its contents and deny any allegations inconsistent therewith.

14. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraphs 26 and 27 of the Complaint and therefore deny same.

15. Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraph 28 of the Complaint and therefore deny same. To the extent they constitute legal conclusions, the allegations contained in numerical paragraph 28 of the Complaint require no response.

16. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraphs 29-32 of the Complaint and therefore deny same.

17. In response to the factual allegations contained in numerical paragraph 33 of the Complaint, Defendants deny that they conducted either the 2012 Primary or General Elections.

Defendants affirmatively state that the Kentucky House and Senate Districts in effect for the 2012 Primary and General Elections were established in 2002. To the extent they constitute legal conclusions, the allegations contained in numerical paragraph 33 of the Complaint require no response.

18. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraph 34 of the Complaint and therefore deny same. Defendants affirmatively state that the Kentucky House and Senate Districts in effect for the 2012 Primary and General Elections were established in 2002.

19. Defendants admit the allegations contained in numerical paragraph 35 of the Complaint.

20. Defendants are without sufficient knowledge or information to admit or deny the factual allegations contained in numerical paragraph 36 of the Complaint and therefore deny same. To the extent they constitute legal conclusions, the allegations contained in numerical paragraph 36 of the Complaint require no response.

21. The allegations contained in numerical paragraph 37 of the Complaint constitute legal conclusions requiring no response. Defendants specifically deny any violation of Plaintiffs' constitutional rights.

22. The allegations contained in numerical paragraphs 38-42 of the Complaint constitute a prayer for relief requiring no response.

23. Any allegation not expressly admitted herein is denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim against Defendants upon which relief may be granted and therefore must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of sovereign immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute(s) of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because they are non-justiciable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel and/or the *Rooker-Feldman* doctrine.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because they are not ripe.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs lack standing to bring their claims.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to lack of personal and/or subject-matter jurisdiction, and/or improper venue.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by failure to join an indispensable party.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to insufficient service of process.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or other affirmative defenses set forth in Federal Rule of Civil Procedure 8(c).

Defendants reserve the right to amend their Answer and assert additional defenses subject to what discovery may reveal.

WHEREFORE, Defendants Kentucky State Board of Elections; Alison Lundergan Grimes, in her official capacities as Secretary of State and Chair of the Kentucky State Board of Elections; David Cross, in his official capacity as Board Member, Kentucky State Board of Elections; John W. Hampton, in his official capacity as Board Member, Kentucky State Board of Elections; Stephen Huffman, in his official capacity as Board Member, Kentucky State Board of Elections; Denise May, in her official capacity as Board Member, Kentucky State Board of Elections; George Russell, in his official capacity as Board Member, Kentucky State Board of Elections; Roy Sizemore, in his official capacity as Board Member, Kentucky State Board of Elections; and Maryellen Allen, in her official capacity as Executive Director, Kentucky State Board of Elections, by counsel, respectfully request the Court:

1. Dismiss the Complaint with prejudice;

2. Enter judgment on all counts in favor of Defendants;

3. Award Defendants all costs incurred in this litigation, including reasonable attorney's fees; and

4. Award Defendants all other legal, equitable, or declaratory relief to which they may be entitled.

Respectfully Submitted,

/s/ Lynn Sowards Zellen
Lynn Sowards Zellen
Noel E. Caldwell
Office of the Secretary of State
700 Capital Ave., Ste. 152
Frankfort, KY 40601
(502) 782-7407
lynn.zellen@ky.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed this 3rd day of June, 2013. All parties indicated on the electronic filing receipt will be served via the Court's electronic filing system. All other parties will be served via hand delivery or U.S. Mail.

/s/ Lynn Sowards Zellen
Lynn Sowards Zellen