UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

MARTIN HERBERT, *et al.*,

                              Plaintiffs,

v.

KENTUCKY STATE BOARD OF
ELECTIONS, *et al.*,

                              Defendants.

Case No. 3:13cv00025

**Electronically Filed**

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO CONSOLIDATE

Plaintiffs, by counsel, hereby submit their response to Defendants' motion to consolidate this action with that of *Brown, et al. v. Commonwealth, et al.*, Civil Action No. 2:13cv068, pursuant to Fed.R.Civ.P. 42. [RE #9.] For the reasons stated below, Plaintiffs oppose the unqualified consolidation contemplated by Defendant's motion, but agree that common questions of law and fact exist such that appropriate orders entered pursuant to Fed.R.Civ.P. 42(a)(3) would avoid unnecessary cost or delay without imposing undue prejudice on any party.[1]

---

[1] Given the short timetable between the filing of Defendants' motion to consolidate [RE #9] and the previously scheduled conference on June 21, Plaintiffs do not attempt in this Response to identify the myriad ways in which orders under Fed.R.Civ.P. 42(a)(3) may be utilized in these cases. Plaintiffs will, however, be prepared to make specific suggestions at the June 21 conference if requested.

## ARGUMENT

Fed.R.Civ.P. 42(a) provides that if actions involve "a common question of law or fact," the court *may* consolidate the actions, join for "hearing or trial any or all matters at issue," or issue "any other orders to avoid unnecessary cost or delay." Notably, "consolidation under Fed.R.Civ.P. 42 does not render rulings in one case applicable to a consolidated action." *Rodriguez v. Passinault*, 637 F.3d 675, 689 (6th Cir. 2011)(citing *Kraft, Inc. v. Local Union 327, Teamsters,* 683 F.2d 131, 133 (6th Cir.1982)). Nor does "[c]onsolidation ... merge the suits into a single cause, or change the rights of the parties or make those who are parties in one suit parties in another." *Kraft, Inc.*, 683 F.2d at 133.

In deciding whether to consolidate actions, courts should consider: "'[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'" *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)(quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Here, Plaintiffs agree that the two actions involve common questions of law. Specifically, both actions seek a judicial determination that Kentucky's existing state House and Senate legislative districts (which were enacted in 2002) violate the Fourteenth Amendment's Equal Protection clause due to impermissible population deviations. [*Compare* RE #1 (*Herbert, et al.*): Verified Complaint ("*Herbert* Complaint"), ¶ 37 *with* RE #1 (*Brown, et al.*): Complaint ("*Brown* Complaint"), ¶¶ 59-

2

64.] And Plaintiffs further agree that both cases seek judicial relief in the form of newly created legislative maps that must, by necessity, be uniform because, as Defendants correctly note, "[o]nly one set of legislative district maps can practically be given effect." [RE #9-1: Memorandum in Support of Defendants' Motion to Consolidate ("Def. Consolidation Memo."), p. 2; *Herbert* Complaint, ¶ 40; *Brown* Complaint, ¶ 65.] Moreover, both actions also involve common questions of fact relating to Kentucky's population data, including the current districts' population totals and their deviations from the "ideal" district size. But the "'*mere existence of common issues, however, does not require consolidation*.... Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court.'" *In re Cent. European Distribution Corp. Sec. Litig.*, CIV.A. 11-6247 JBS-K, 2012 WL 5465799 (D.N.J. Nov. 8, 2012)(emphasis added)(quoting *In re Consol. Parlodel Litig.,* 182 F.R.D. 441, 444 (D.N.J.1998)). Here, Plaintiffs agree that because the two cases involve common questions of law and fact, it would be appropriate for the Court to issue such orders as would "avoid unnecessary cost or delay" under Fed.R.Civ.P. 42(a)(3). Plaintiffs do not agree, however, that consolidation of both actions for all purposes — as is contemplated by the unqualified Order accompanying Defendants' motion [RE #9-2] — is necessary and/or appropriate because doing so would result in undue prejudice to them.

Specifically, the commonalities between the two actions are not coextensive and, in fact, the cases are quite divergent in many respects. For example, *Brown* involves numerous defendants, claims, defenses, and legal issues that are not (and cannot) be implicated in this action. In *Brown* (unlike here), the plaintiffs assert damages claims against the defendants for "vote dilution in the 2012 election." [*Brown* Complaint, ¶ 65.]

3

These damages claims potentially raise a number of factual and legal issues not present in this case where the Plaintiffs seek declaratory and prospective injunctive relief.[2] *See e.g., Ex Parte Young*, 209 U.S. 123 (1908). Similarly, *Brown* also includes *state* law claims not asserted in this case. [*Brown* Complaint, ¶¶ 68-72.] Like the damages claims noted above, *Brown*'s state law claims create the likelihood of substantial satellite litigation that would be completely untethered to the merits of Plaintiffs' sole federal "one person, one vote" claim here. Thus, *Brown* presents significant factual and legal claims (and possible defenses), including those relating to jurisdiction and Eleventh Amendment immunity, that are simply unrelated to the merits of Plaintiffs' Equal Protection claim or any non-frivolous defense that Defendants may seek to raise. Therefore, an unqualified consolidation of both cases would result in undue prejudice to Plaintiffs in this case by imposing upon them unnecessary litigation costs and delay.

The fact that unqualified consolidation (if granted) would result in undue prejudice to Plaintiffs is not mere conjecture. The *Brown* case includes five (5) official capacity defendants, the state of Kentucky, and two state agency defendants.[3] One of those official capacity defendants (who is not a defendant in this case) has now asserted counterclaims against the twelve (12) Plaintiffs/Counter Defendants. [RE #32: Answer, Counterclaim and Cross-Claim of Robert Stivers, pp. 10-19.] And that same defendant

---

[2] Plaintiffs requested relief includes the commencement of proceedings "to adopt and implement new state legislative plans that comply" with the Fourteenth Amendment, as well as the recovery of their costs and reasonable attorneys' fees. [RE #1: *Herbert* Complaint, ¶¶ 38-42.]

[3] Though titled as an Agreed Motion for Extension of Time, there is a pending agreed motion to dismiss Attorney General Jack Conway, one of the five official capacity defendants, in *Brown* that has not yet be granted by the Court. [RE #30 (*Brown, et al.*): Agreed Motion For Extension of Time; RE #30-1.]

has also asserted cross-claims against the other official capacity defendants. [*Id.*] While the Plaintiffs here take no issue with the parties' respective claims, counterclaims, cross claims, and defenses sought to be litigated in *Brown*, those issues raise a host of legal and factual issues that are simply not at issue here. Thus, it cannot reasonably be disputed that the unqualified consolidation of both cases would impose upon Plaintiffs substantial (and unnecessary) expense and delay resulting from *Brown*'s complex pre-trial litigation relating to those factual and legal issues.

As a result, the other factors relevant to consolidation requests — burden on the parties, location of witnesses, available judicial resources, length of time to conduct multiple suits and relative expense to all concerned — are not, contrary to Defendants' assertion, merely "neutral or support consolidation." [RE #9-1: Def. Consolidation Memo., 2.] Instead, those factors support a targeted approach to maximizing judicial economy by joining only those factual and legal issues that are actually *necessary* for the uniform and timely resolution of both cases. As the District Court noted in *Grigsby v. I-Flow Corp.*, 264 F.R.D. 264, 266 (E.D. Ky. 2009), the likelihood of "a significant number of motions and discovery issues that would be relevant to only certain defendants, which may cause unnecessary delays for the unaffected parties" is a factor that is properly considered in rejecting a request to consolidate multiple actions.

## CONCLUSION

While Plaintiffs oppose Defendants' motion for unqualified consolidation [RE #9], they agree that there are common questions of law and fact between this action and *Brown, et al. v. Commonwealth of Kentucky, et al.* that justify the entry of appropriate orders pursuant to Fed.R.Civ.P. 42(a)(3). Those orders should be specifically tailored to

to maximize judicial economy and eliminate the risk of inconsistent judgments while simultaneously preserving the parties' respective rights by avoiding the imposition of undue prejudice and unnecessary litigation costs or delay.

Respectfully submitted,

s/ William E. Sharp
William E. Sharp
ACLU OF KENTUCKY
315 Guthrie Street, Suite 300
Louisville, KY 40202
(502) 581-9746
(502) 589-9687 (fax)
sharp@aclu-ky.org

Laughlin McDonald*
ACLU Voting Rights Project
230 Peachtree Street, NW
Suite 1440
Atlanta, GA 30303
(404) 523-2721

Ben Carter
BEN CARTER LAW PLLC
455 South Fourth Street, Suite 902
Louisville, KY 40202
(502) 509-3231
ben@bencarterlaw.com
ACLU of KY Cooperating Attorney

*Counsel for Plaintiffs*

* Motion pursuant to LR 83.2 seeking admission *pro hac vice* [RE #2] pending.

**CERTIFICATE OF SERVICE**

I certify that on June 19, 2013, I electronically filed the foregoing Plaintiffs' Response to Defendants' Motion to Consolidate with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Lynn Sowards Zellen
lynn.zellen@ky.gov

Noel E. Caldwell
ncaldwell@caldwelllawyers.com

*Counsel for Defendants*

s/ William E. Sharp
*Counsel for Plaintiffs*
